UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-CV-20604

PRESIDENT OF TOWN COUNCIL ELIZABETH A. LOPER, ALDERMAN KEITH J. BLACK, ALDERMAN KATHLEEN M. GROSS, ALDERMAN WILLIAM BIRCH, and ALDERMAN JEFFERY M. DUNCAN, elected officials of the Town of Briny Breezes, Florida;

COUNCILMEMBER WALTER FAJET, COUNCILMEMBER JACKY BRAVO, and COUNCILMEMBER JORGE SANTIN, elected officials of Miami Springs, Florida;

COMMISSIONER PATRICIA PETRONE and COMMISSIONER SANDRA JOHNSON, elected officials of Lighthouse Point, Florida;

MAYOR DANIELLE H. MOORE, PRESIDENT OF TOWN COUNCIL MARGARET A. ZEIDMAN, COUNCIL MEMBER EDWARD A. COONEY, COUNCIL MEMBER LEWIS CRAMPTON, COUNCIL MEMBER JULIE ARASKOG, COUNCIL MEMBER BRIDGET MORAN, and PRESIDENT OF TOWN COUNCIL BOBBIE LINDSAY, elected officials of the Town of Palm Beach, Florida;

MAYOR BRENT LATHAM, VICE MAYOR RICHARD CHERVONY, and COMMISSIONER ANDY ROTONDARO, elected officials of North Bay Village, Florida;

MAYOR GLENN SINGER, VICE MAYOR BERNARD EINSTEIN, COUNCIL MEMBER JUDY LUSSKIN, COUNCIL MEMBER JAIME MENDAL and COUNCIL MEMBER KENNETH BERNSTEIN, elected officials of the Town of Golden Beach, Florida;

MAYOR BERNARD KLEPACH and COUNCIL MEMBER IRWIN TAUBER, elected officials of Indian Creek, Florida;

MAYOR JEFFREY P. FREIMARK, VICE-MAYOR SETH E. SALVER, COUNCILMAN DAVID ALBAUM, COUNCILMAN DAVID WOLF, and COUNCILMAN BUZZY SKLAR, elected officials of the Village of Bal Harbour, Florida;

MAYOR MARGARET BROWN, COMMISSIONER MARY MOLINA-MACFIE, COMMISSIONER CHRIS EDDY, COMMISSIONER HENRY MEAD, and COMMISSIONER BYRON L. JAFFE, elected officials of the City of Weston, Florida;

MAYOR SHELLY PETROLIA, VICE-MAYOR RYAN BOYLSTON, DEPUTY VICE-MAYOR ROB LONG, COMMISSIONER ADAM FRANKEL, COMMISSIONER ANGELA BURNS, MAYOR THOMAS CARNEY, and COMMISSIONER THOMAS MARKETT, elected officials of the City of Delray Beach, Florida;

MAYOR JOSEPH AYOUB, COMMISSIONER ANDY STEINGOLD, COMMISSIONER CARLOS DIAZ, COMMISSIONER NANCY J. BESORE, COMMISSIONER CLIFF MERZ, and COMMISSIONER JACOB BURNETT, elected officials of the City of Safety Harbor, Florida;

COMMISSIONER JEREMY KATZMAN, an elected official of Cooper City, Florida;

MAYOR SCOTT J. BROOK, VICE-MAYOR SHAWN CERRA, COMMISSIONER JOSHUA SIMMONS, COMMISSIONER JOY CARTER, and COMMISSIONER NANCY METAYER BOWEN, elected officials of the City of Coral Springs, Florida;

VICE-CHAIR ERIK BRECHNITZ, an elected official of the City of Marco Island, Florida;

VICE MAYOR ARLENE R. SCHWARTZ, COMMISSIONER ANTONIO V. ARSERIO, COMMISSIONER JOANNE SIMONE, and COMMISSIONER ANTHONY N. CAGGIANO, elected officials of the City of Margate, Florida;

MAYOR ROBERT T. WAGNER, COUNCIL MEMBER JOHN STEPHENS III, COUNCIL MEMBER TORY CJ GEILE, COUNCIL MEMBER JAMES B. BAGBY, and COUNCIL MEMBER TERESA HEBERT, elected officials of the City of Destin, Florida;

MAYOR KENNETH R. THURSTON, COMMISSIONER MELISSA P. DUNN, and COMMISSIONER SARAI "RAY" MARTIN, elected officials of the City of Lauderhill, Florida,

MAYOR BILL GANZ, VICE-MAYOR BERNIE PARNESS, COMMISSIONER BEN PRESTON, and COMMISSIONER MICHAEL HUDAK, elected officials of the City of Deerfield Beach, Florida;

VICE-MAYOR PAUL A. KRUSS, COMMISSIONER RACHEL FRIEDLAND, COMMISSIONER MICHAEL STERN, COMMISSIONER AMIT BLOOM, COMMISSIONER LINDA MARKS, and MAYOR HOWARD WEINBERG, elected officials of the City of Aventura, Florida;

MAYOR MICHAEL NAPOLEONE, COUNCILWOMAN TANYA SISKIND, COUNCILMAN JOHN T. MCGOVERN, COUNCILMAN MICHAEL DRAHOS, COUNCILWOMAN AMANDA SILVESTRI, COUNCILWOMAN MARIA ANTUÑA, elected officials of the Village of Wellington;

COMMISSIONER KATHRYN ABBOTT, elected official Village of Pinecrest;

MAYOR FRED CLEVELAND, VICE MAYOR VALLI J. PERRINE, COMMISSIONER RANDY HARTMAN and COMMISSIONER JASON MCGUIRK, elected officials of the City of New Smyrna Beach, Florida;

MAYOR CHARLES EDWARD DODD, VICE MAYOR KELLY DIXON, COUNCIL MEMBER FREDERICK B. JONES, COUNCIL MEMBER BOB MCPARTLAN, AND COUNCIL MEMBER CHRISTOPHER NUNN, elected officials of the City of Sebastian, Florida,

COUNCIL MEMBER MARK LARUSSO and COUNCIL MEMBER TIM THOMAS, elected officials of the City of Melbourne, Florida;

VICE MAYOR FORTUNA SMUKLER, elected official of the City of North Miami Beach, Florida;

MAYOR STEVEN LOSNER and COUNCIL MEMBER ERICA G. AVILA, elected officials of the City of Homestead, Florida;

MAYOR MICHAEL J. RYAN, DEPUTY MAYOR JOSEPH A. SCUOTTO, ASSISTANT DEPUTY MAYOR NEIL C. KERCH, COMMISSIONER JACQUELINE A. GUZMAN, and COMMISSIONER MARK A. DOUGLAS, elected officials of the City of Sunrise, Florida;

MAYOR MARK MCDERMOTT, DEPUTY MAYOR STUART M. GLASS, COUNCIL MEMBER LOREN STRAND, COUNCIL MEMBER BRETT J. MILLER and COUNCIL MEMBER DOUG WRIGHT, elected officials of the Town of Indialantic, Florida;

VICE MAYOR MICHAEL CALLAHAN, COUNCIL MEMBER ROBERT DUNCAN, COUNCIL MEMBER SUZY LORD, and MAYOR TIM MEERBOTT, elected officials of the Town of Cutler Bay, Florida;

MAYOR SCOTT NICKLE, DEPUTY MAYOR FRANK GUERTIN, COUNCIL MEMBER SHAUNA HUME, COUNCIL MEMBER HAMILTON BOONE, COUNCIL MEMBER ADAM DYER, elected officials of the City of Indian Harbour Beach, Florida;

MAYOR GEORGE BURCH, VICE MAYOR JESSE VALINSKY, CONCIL MEMBERS JEROME CHARLES, COUNCIL MEMBER NEIL J. CANTOR and COUNCIL MEMBER SANDRA HARRIS, elected officials of the Village of Miami Shores, Florida;

MAYOR JOSE "PEPE' DIAZ, COMMISSIONER IDANIA LLANIO, COMMISSIONER SAUL DIAZ, COMMISSIONER ISIDRO C. RUIZ, COMMISSIONER JOSE MARTI, COMMISSIONER MARCUS VILLANUEVA, COMMISSIONER REINALDO REY JR, and COMMISSIONER IAN VALLECILLO, elected officials of the City of Sweetwater, Florida;

VICE MAYOR LORI LEWELLEN, COMMISSIONER TAMARA JAMES and COMMISSIONER MARCO A. SALVINO, SR., elected officials of the City of Dania Beach, Florida;

MAYOR SAMUEL PENNANT, VICE MAYOR STEVEN GLENN, COMMISSIONER MARY RICHARDSON, COMMISSIONER WILLIE QUARLES and COMMISSIONER BERTRAM GODDARD, elected officials of the Town of Dundee, Florida;

MAYOR NANCY Z. DALEY, VICE MAYOR MAC FULLER, COMMISSIONER CHARLES LAKE, COMMISSIONER BRENT EDEN and COMMISSIONER JACK DEARMIN, elected officials of the City of Lake Alfred, Florida;

MAYOR H. L. "ROY" TYLER, VICE MAYOR OMAR ARROYO, COMMISSIONER MORRIS WEST, COMMISSIONER ANNE

HUFFMAN and COMMISSIONER VERNEL SMITH, elected officials of the City of Haines City, Florida;

MAYOR RICHARD WALKER, VICE MAYOR JORDAN ISROW and COMMISSIONER KENNETH CUTLER, and COMMISSIONER SIMEON BRIER, elected officials of the City of Parkland, Florida;

COUNCILMEMBER JENNIFER ANDREU, elected official of the City of Plantation, Florida,

COUNCILMEMBER KEM E. MASON, elected official of the Town of Lantana, Florida;

COMMISSIONER DAVID SUAREZ, COMMISSIONER LAURA DOMINGUEZ, COMMISSIONER JOSEPH MAGAZINE and COMMISSIONER KRISTEN ROSEN GONZALES, and COMMISSIONER ALEX J. FERNANDEZ, elected officials of the City of Miami Beach, Florida, and

COMMISSIONER RANDY STRAUSS, elected official of the Town of Lauderdale-By-The-Sea, Florida,

COUNCILMEMBER BRETT MOSS, elected official of the Village of Key Biscayne,

MAYOR SUZY WILSON, COMMISSIONER RANDY BILLINGS, elected officials of the City of Eagle Lake,

MAYOR JAMES MICHAEL O'BRIEN, COUNCILMEMBER AMANDA N. DAVID, COUNCILMEMBER ANTHONY J. DAVIT, COUNCILMEMBER BRANDI SLOSS HAINES, and COUNCILMEMBER LOREN R. WILLIAMS, elected officials of the Town of Windermere,

MAYOR NATHANIEL J. BIRDSONG, JR., MAYOR PRO TEM WILLIAM BRIAN YATES, COMMISSIONER BRADLEY T.

DANTZLER, COMMISSIONER L. TRACY MERCER, COMMISSIONER CLIFTON E. DOLLISON, elected officials of the City of Winter Haven,

Plaintiffs,

vs.

ASHLEY LUKIS, in her official capacity as a Member of the Florida Commission on Ethics; MICHELLE ANCHORS, in her official capacity as Vice Chair of the Florida Commission on Ethics; PAUL D. BAIN, in his official capacity as a Member of the Florida Commission on Ethics; TINA DESCOVICH, in her official capacity as Member of the Florida Commission on Ethics; FREDDIE FIGGERS, in his official capacity as a Member of the Florida Commission on Ethics; LUIS M. FUSTE, in his official capacity as Chair of the Florida Commission on Ethics; LAIRD A. LILE, in his official capacity as a Member of the Florida Commission on Ethics; and WENGAY M. NEWTON, SR., in his official capacity as a Member of the Florida Commission on Ethics,

Defendants.

## <u>THIRD AMENDED COMPLAINT</u>[1]

Plaintiffs bring this action against Defendants for declaratory and injunctive relief, and state as follows:

## OVERVIEW

1. This is an action by a large number of Florida elected municipal officials challenging a recently enacted law ("SB 774") that on or before July 1, 2024 compels elected

[1] The only changes from the Second Amended Complaint are the substitution of William D. Cervone for Paul D. Bain as a defendant and the addition of Laird A. Lile as a defendant, as reflected in the amended case caption and in paragraphs 24 and 28.

municipal officials in office as of January 1, 2024 to utter very specific statements, in writing and available to the public at large through the Internet, regarding the elected officials' personal finances, including, among other things, stating the exact amount of their net worth and income, the total dollar value of their household goods, and the precise value of every asset and amount of every liability in excess of $1,000. An elected municipal official's failure to make these public statements will result in significant fines, civil penalties, and even potential removal from office.

2. SB 774 amended, among other statutes, Fla. Stat. § 112.3144, and renders elected municipal officials in office as of January 1, 2024, and municipal candidates subject to the financial disclosure requirements of Fla. Const., art. II, § 8(j).

3. Prior to the enactment of SB 774, elected municipal officials and municipal candidates were required to provide financial disclosures via a document called "Form 1" pursuant to Fla. Stat. § 112.3145, but were not subject to the requirements of Fla. Const., art. II, § 8(j). However, Florida Statute sections 112.3144 and 99.061, as amended by SB 774 in 2023, respectively make *all* elected municipal officers and municipal candidates subject to the filing requirements of "Form 6," which demands much more intrusive financial disclosures as outlined in the Florida Constitution and section 112.3144. A copy of Form 1 is attached as Exhibit A, and a copy of Form 6 is attached as Exhibit B.

4. Forcing municipal elected officials and municipal candidates to publicly make such statements impairs their right to be free of government-compelled, content-based, non-commercial speech, in violation of the First Amendment to the United States Constitution.

5. Rather than being the least restrictive, narrowly tailored means of accomplishing a compelling state interest, these new, financial disclosure requirements imposed on elected municipal officials and municipal candidates through SB 744 are the most restrictive means

available – stricter and more onerous than required of federal elected officials (including the President of the United States) and of elected officials in other states throughout the country.

6. The additional, financial information statements required to be made by Form 6 (*e.g.*, the disclosure of exact net worth, exact income and precise values of household goods and other assets and liabilities), as compared to Form 1, have little, if any, bearing on an elected official's municipal service, does not prevent or even ameliorate conflicts of interest or public corruption, and does not increase public confidence in government.

7. Form 1 is a less restrictive, alternative means of accomplishing the same governmental interests, as would be the less onerous disclosure forms used by the federal government or any of the other states in the United States.

8. Indeed, municipal elected officials and candidates operated under the requirements of Form 1 for decades, and nothing in the Legislature's enactment of the new Form 6 requirement reflected that Form 1 was insufficient and necessitated a change.

9. As such, this action seeks an order (i) declaring the 2023 amendments to Fla. Stat. § 112.3144 related to elected municipal officials and any penalties arising therefrom, including those in Fla. Stat. § 112.317, are unconstitutional under the First Amendment of the United States Constitution, and (ii) enjoining Defendants from enforcing the disclosure requirements.

**JURISDICTION AND VENUE**

10. The Court has subject matter jurisdiction over this case pursuant to this Court's federal question jurisdiction, 28 U.S.C. § 1331, as this case arises under the First Amendment to the United States Constitution, as made applicable to the States by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

11. This case seeks declaratory and injunctive relief, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Federal Rule of Civil Procedure 57, and 42 U.S.C. § 1983.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as two of the Defendants (Freddie Figgers and Luis M. Fuste) reside in this District (and all are residents of this State), the majority of the plaintiffs reside and serve as elected officials in the District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## THE PARTIES

### A. Plaintiffs

13. Plaintiffs in this action consist of the following current, elected officials of Florida municipalities:

a. Town of Briny Breezes President of Town Council Elizabeth A. Loper;

b. Town of Briny Breezes Alderman Keith J. Black;

c. Town of Briny Breezes Alderman Kathleen M. Gross;

d. Town of Briny Breezes Alderman William Birch;

e. City of Miami Springs Councilmember Walter Fajet;

f. City of Miami Springs Councilmember Jacky Bravo;

g. City of Lighthouse Point Commissioner Patricia Petrone;

h. City of Lighthouse Point Commissioner Sandra Johnson;

i. Town of Palm Beach Mayor Danielle H. Moore;

j. Town of Palm Beach President of Town Council Margaret A. Zeidman;

k. Town of Palm Beach Council Member Edward A. Cooney;

l. Town of Palm Beach Council Member Lewis Crampton;

m. Town of Palm Beach Council Member Julie Araskog;

n. Town of Palm Beach President of Town Counsel Bobbie Lindsay;

o. North Bay Village Mayor Brent Latham;

p. North Bay Village Vice Mayor Richard Chervony;

q. North Bay Village Commissioner Andy Rotondaro;

r. Golden Beach Mayor Glenn Singer;

s. Golden Beach Vice Mayor Bernard Einstein;

t. Council Member Judy Lusskin;

u. Council Member Jaime Mendal

v. Council Member Kenneth Bernstein;

w. Indian Creek Mayor Bernard Klepach;

x. Indian Creek Council Member Irwin Tauber;

y. Village of Bal Harbour Mayor Jeffrey P. Freimark;

z. Village of Bal Harbour Vice-Mayor Seth E. Salver;

aa. Village of Bal Harbour Councilman David Albaum;

bb. Village of Bal Harbour Councilman David Wolf;

cc. City of Weston Mayor Margaret Brown;

dd. City of Weston Commissioner Mary Molina-Macfie;

ee. City of Weston Commissioner Chris Eddy;

ff. City of Weston Commissioner Henry Mead;

gg. City of Weston Commissioner Byron L. Jaffe;

hh. City of Delray Beach Mayor Shelly Petrolia;

ii. City of Delray Beach Vice Mayor Ryan Boylston;

jj. City of Delray Beach Deputy Vice-Mayor Rob Long;

kk. City of Delray Beach Commissioner Adam Frankel;

ll. City of Delray Beach Commissioner Angela Burns;

mm. City of Safety Harbor Mayor Joseph Ayoub;

nn. City of Safety Harbor Commissioner Andy Steingold;

oo. City of Safety Harbor Commissioner Carlos Diaz;

pp. City of Safety Harbor Commissioner Nancy J. Besore;

qq. City of Safety Harbor Commissioner Cliff Merz;

rr. Cooper City Commissioner Jeremy Katzman;

ss. City of Coral Springs Mayor Scott J. Brook;

tt. City of Coral Springs Vice Mayor Shawn Cerra;

uu. City of Coral Springs Commissioner Joshua Simmons;

vv. City of Coral Springs Commissioner Joy Carter;

ww. City of Coral Springs Commissioner Nancy Metayer Bowen;

xx. City of Marco Island Vice-Chair Erik Brechnitz;

yy. City of Margate Vice-Mayor Arlene Schwartz;

zz. City of Margate Commissioner Antonio V. Arserio;

aaa. City of Margate Commissioner Joanne Simone;

bbb. City of Margate Commissioner Anthony N. Caggiano;

ccc. City of Destin Mayor Robert T. Wagner;

ddd. City of Destin Council Member John Stephens III;

eee. City of Destin Council Member Tory CJ Geile;

fff. City of Destin Council Member James B. Bagby;

ggg. City of Destin Council Member Teresa Hebert;

hhh. City of Lauderhill Mayor Kenneth R. Thurston;

iii. City of Lauderhill Commissioner Melissa P. Dunn;

jjj. City of Lauderhill Commissioner Sarai "Ray" Martin;

kkk. City of Deerfield Beach Mayor Bill Ganz;

lll. City of Deerfield Beach Vice-Mayor Bernie Parness;

mmm. City of Deerfield Beach Commissioner Ben Preston;

nnn. City of Deerfield Beach Commissioner Michael Hudak;

ooo. City of Aventura Vice-Mayor Paul A. Kruss;

ppp. City of Aventura Commissioner Rachel Friedland;

qqq. City of Aventura Commissioner Michael Stern;

rrr. Village of Wellington Mayor Michael Napoleone;

sss. Village of Wellington Councilwoman Tanya Siskind;

ttt. Village of Wellington Councilwoman John T. McGovern;

uuu. Village of Wellington Councilwoman Michael Drahos;

vvv. Village of Pinecrest Commissioner Kathryn Abbott;

www. City of New Smyrna Beach Mayor Fred Cleveland;

xxx. City of New Smyrna Beach Vice Mayor Valli J. Perrine;

yyy. City of New Smyrna Beach Commissioner Randy Hartman

zzz. City of New Smyrna Beach Commissioner Jason McGuirk;

aaaa. City of Sebastian Mayor Charles Edward Dodd;

bbbb. City of Sebastian Vice Mayor Kelly Dixon;

cccc. City of Sebastian Council Member Frederick B. Jones;

dddd. City of Sebastian Council Member Bob McPartlan;

eeee. City of Sebastian Council Member Christopher Nunn;

ffff. City of Melbourne Council Member Mark LaRusso;

gggg. City of Melbourne Council Member Tim Thomas;

hhhh. City of North Miami Beach Vice Mayor Fortuna Smukler;

iiii. City of Homestead Mayor Steven Losner;

jjjj. City of Homestead Council Member Erica G. Avila;

kkkk. City of Sunrise Mayor Michael J. Ryan;

llll. City of Sunrise Deputy Mayor Joseph A. Scuotto;

mmmm. City of Sunrise Assistant Deputy Mayor Neil C. Kerch;

nnnn. City of Sunrise Commissioner Jacqueline A. Guzman;

oooo. City of Sunrise Commissioner Mark A. Douglas;

pppp. Town of Indialantic Mayor Mark McDermott;

qqqq. Town of Indialantic Deputy Mayor Stuart M. Glass;

rrrr. Town of Indialantic Council Member Loren Strand;

ssss. Town of Indialantic Council Member Brett J. Miller;

tttt. Town of Indialantic Council Member Doug Wright;

uuuu. Town of Cutler Bay Vice Mayor Michael Callahan;

vvvv. Town of Cutler Bay Council Member Robert Duncan;

wwww. Town of Cutler Bay Council Member Suzy Lord;

xxxx. City of Indian Harbour Beach Mayor Scott Nickle;

yyyy. City of Indian Harbour Beach Deputy Mayor Frank Guertin;

zzzz. City of Indian Harbour Beach Council Member Shauna Hume;

aaaaa. City of Indian Harbour Beach Council Member Hamilton Boone;

bbbbb. City of Indian Harbour Beach Council Member Adam Dyer;

ccccc. Village of Miami Shores Mayor George Burch;

ddddd. Village of Miami Shores Vice Mayor Jesse Valinsky;

eeeee. Village of Miami Shores Council Member Jerome Charles;

fffff. Village of Miami Shores Council Member Neil J. Cantor;

ggggg. Village of Miami Shores Council Member Sandra Harris;

hhhhh. City of Sweetwater Mayor Jose "Pepe" Diaz;

iiiii. City of Sweetwater Commissioner Idania Llanio;

jjjjj. City of Sweetwater Commissioner Saul Diaz;

kkkkk. City of Sweetwater Commissioner Isidro C. Ruiz;

lllll. City of Sweetwater Commissioner Jose Marti;

mmmmm. City of Sweetwater Commissioner Marcus Villanueva;

nnnnn. City of Sweetwater Commissioner Reinaldo Rey, Jr;

ooooo. City of Dania Beach Vice Mayor Lori Lewellen;

ppppp. City of Dania Beach Commissioner Tamara James;

qqqqq. City of Dania Beach Commissioner Marco A. Salvino, Sr.;

rrrrr. Town of Dundee Mayor Samuel Pennant;

sssss. Town of Dundee Vice Mayor Steven Glenn;

ttttt. Town of Dundee Commissioner Mary Richardson;

uuuuu. Town of Dundee Commissioner Willie Quarles;

vvvvv. Town of Dundee Commissioner Bertram Goddard;

wwwww. City of Lake Alfred Mayor Nancy Z. Daley;

xxxxx. City of Lake Alfred Vice Mayor Mac Fuller;

yyyyy. City of Lake Alfred Commissioner Charles Lake;

zzzzz. City of Lake Alfred Commissioner Brent Eden;

aaaaaa. City of Lake Alfred Commissioner Jack Dearmin;

bbbbbb. City of Haines City Mayor H.L. "Roy" Tyler;

cccccc. City of Haines City Vice Mayor Omar Arroyo;

dddddd. City of Haines City Commissioner Morris West;

eeeeee. City of Haines City Commissioner Anne Huffman;

ffffff. City of Haines City Commissioner Vernel Smith;

gggggg. City of Parkland Mayor Richard Walker;

hhhhhh. City of Parkland Vice Mayor Jordan Isrow;

iiiiii. City of Parkland Commissioner Kenneth Cutler;

jjjjjj. City of Plantation Councilmember Jennifer Andreu;

kkkkkk. Town of Lantana Councilmember Kem E. Mason;

llllll. City of Miami Beach Commissioner David Suarez;

mmmmmm. City of Miami Beach Commissioner Laura Dominguez;

nnnnnn. City of Miami Beach Commissioner Joseph Magazine;

oooooo. City of Miami Beach Commissioner Kristein Rosen Gonzales;

pppppp. Town of Lauderdale-By-The-Sea Commissioner Randy Strauss;

qqqqqq. Town of Briny Breezes Alderman Jeffery M. Duncan;

rrrrrr. City of Miami Springs Councilmember Jorge Santin;

ssssss. Town of Palm Beach Council Member Bridget Moran;

tttttt. Village of Bal Harbour Councilman Buzzy Sklar;

uuuuuu. City of Delray Beach Mayor Thomas Carney;

vvvvvv. City of Delray Beach Commissioner Thomas Markert;

wwwwww. City of Eagle Lake Mayor Suzy Wilson;

xxxxxx. City of Eagle Lake Commissioner Randy Billings;

yyyyyy. Town of Cutler Bay Mayor Tim Meerbott;

zzzzzz. City of Sweetwater Commissioner Ian Vallecillo;

aaaaaaa. Town of Windermere Mayor James Michael O'Brien;

bbbbbbb. Town of Windermere Council Member Amanda N. David;

ccccccc. Town of Windermere Council Member Anthony J. Davit;

ddddddd. Town of Windermere Council Member Brandi Sloss Haines;

eeeeeee. Town of Windermere Council Member Loren R. Williams;

fffffff. City of Parkland Commissioner Simeon Brier;

ggggggg. City of Winter Haven Mayor Nathaniel J. Birdsong, Jr.;

hhhhhhh. City of Winter Haven Mayor Pro Tem William Brian Yates;

iiiiiii. City of Winter Haven Commissioner Bradley T. Dantzler;

jjjjjjj. City of Winter Haven Commissioner L. Tracy Mercer;

kkkkkkk. City of Winter Haven Commissioner Clifton E. Dollison;

lllllll. City of Miami Beach Commissioner Alex J. Fernandez;

mmmmmmm. City of Aventura Commissioner Amit Bloom;

nnnnnnn. City of Aventura Commissioner Linda Marks;

ooooooo. City of Aventura Mayor Howard Weinberg;

ppppppp. Village of Key Biscayne Council Member Brett Moss;

qqqqqqq. Village of Wellington Council Member Amanda Silvestri; and

rrrrrrr. Village of Wellington Council Member Maria Antuña.

sssssss. City of Safety Harbor Commissioner Jacob Burnett

14. Plaintiffs are each duly elected or appointed officials of incorporated municipalities existing under the laws of the State of Florida and are currently in office.

15. As a result of the passage of SB 774, as of January 1, 2024, each, individual Plaintiff is subject to the financial disclosure requirements of Fla. Const., art. II, § 8(j) and Fla. Stat. § 112.3144, and are further subject to the fines, penalties and other enforcement mechanisms outlined in Fla. Stat. §§ 112.317 and 112.324.

16. Each Plaintiff is, therefore, required to file the requisite Form 6 (rather than the prior Form 1) on or before July 1, 2024.

17. The failure of any municipal elected official, including each Plaintiff, to make the compelled statements subjects him or her to a daily fine of $25 per day up to a maximum of $1,500 and, following an investigation and public hearing, a potential civil penalty of up to $20,000 and, among other things, a potential recommendation of removal from office. *See* Fla. Stat. §§ 112.3144(8)(f), 112.324(4), and 112.317.

18. Plaintiffs now face prior to the imminent deadline of July 1, 2024, the obligation to engage in non-commercial, content-based speech requirement to publicly disclose, against their will, the financial information required in Form 6, or face fines or other penalties.

19. Throughout Florida, more than 100 municipal elected officials resigned rather than agree to engage in such unwanted speech.

20. Plaintiffs strongly desire to continue to serve the public and have therefore not yet resigned, but instead have chosen to challenge the new compelled speech requirement.

21. Accordingly, Plaintiffs have each suffered a concrete and particularized injury-in-fact that is actual or imminent.

**B. Defendants**

22. Defendant, Luis Fuste ("Fuste"), is the Chair and a member of the Florida Commission on Ethics ("Commission"), a commission existing pursuant to Fla. Const., Art. II, §

8(h)(1) and Fla. Stat. § 112.320. Fuste is sued in his official capacity as Chair of the Commission and is a resident of this District.

23. Defendant, Michelle Anchors ("Anchors") is the Vice Chair and a member of the Commission. Anchors is sued in her official capacity as Vice Chair of the Commission.

24. Defendant, Paul D. Bain ("Bain") is a member of the Commission. Bain is sued in his official capacity as member of the Commission.

25. Defendant Tina Descovich ("Descovich") is a member of the Commission. Descovich is sued in her official capacity as member of the Commission.

26. Defendant, Freddie Figgers ("Figgers") is a member of the Commission. Figgers is sued in his official capacity as member of the Commission and is a resident of this District.

27. Defendant, Ashley Lukis ("Lukis") is a member of the Commission. Lukis is sued in her official capacity as member of the Commission.

28. Defendant, Laird A. Lile ("Lile") is a member of the Commission. Lile is sued in his official capacity as member of the Commission.

29. Defendant, Wengay M. Newton, Sr. ("Newton") is a member of the Commission. Newton is sued in his official capacity as member of the Commission.

30. Lukis, Anchors, Bain, Descovich, Figgers, Fuste, Lile, and Newton, collectively, comprise the Commission.

31. "The Agency Head is the entire Commission, which is responsible for final agency action." *See* Statement of Organization and Operation of the Commission on Ethics, https://www.ethics.state.fl.us/Documents/Ethics/statement%20of%20org.pdf?cp=2024127 (last accessed February 12, 2024).

32. The Commission, through each Defendant, is charged with implementing and enforcing the State's financial disclosure laws, including, among many other things, the receipt of Form 6 disclosures, training regarding Form 6, investigating alleged violations regarding Form 6 filings, imposing fines for failure to file Form 6, holding enforcement hearings regarding failure to file Form 6, making recommendations of removal from office for failure to file Form 6, and rendering legally binding advisory opinions regarding Form 6. *See* Fla. Const., Art. II, § 8(g); Fla. Stat. §§ 112.3144, 112.317, 112.320.

33. The Commission is also required to identify every person required to file Form 6, provide notification of said requirement to each person subject to these disclosures, and ensure compliance with the disclosure requirements by each person subject thereto. *See* Fla. Const., Art. II, § 8(g); Fla. Stat. §§ 112.3144, 112.317, 112.320.

34. In addition, the Commission's 2022 Annual Report (as well as previous annual reports) expressly requested that the Legislature enact legislation to require that elected municipal officials complete Form 6, rather than Form 1, leading to the enactment of SB 774. *See* Annual Report to the Florida Legislature for Calendar Year 2022, pg. 23, https://ethics.state.fl.us/Documents/Publications/2022%20Annual%20Report.pdf?cp=202425 (last accessed February 12, 2024).

35. The only justification given by the Commission for its recommendation was:

> Elected municipal officials are very important and administer vast amounts of public resources. For these, and other reasons, their disclosure should be on par with that of county officials and others who file Form 6, rather than Form 1. The Commission believes the enhanced disclosure should be applied to all elected municipal officials regardless of the population or revenue of the municipality.

36. Nowhere in its report did the Commission conclude that there has been an increase in the need to oppose corruption or conflicts of interest at the municipal level or that Form 1 in any way was insufficient to the task of guarding against those governmental ills. In short, the

Commission justified its recommendation merely by noting that municipal officials should have to disclose the same information others already disclose, without regard to the municipality's population, revenue, annual budget, or any elected municipal compensation amount, if any.

37. All acts alleged herein by Defendants and their agents, servants, employees, or persons acting on their behalf were done and are continuing to be done under color of state law.

38. Plaintiffs bring this action against the state officers (namely, the members of the Commission) who have the responsibility to enforce the Form 6 requirement against municipal elected officials (including Plaintiffs) and seek only prospective equitable relief to end the continuing violations of the First Amendment to the United States Constitution.

## BACKGROUND

### A. History of Ethical Standards in Florida

39. Beginning in the late 1960s, the Florida Legislature has enacted numerous laws regulating ethical conduct for Florida's elected officials, including laws related to the solicitation or acceptance of gifts, unauthorized compensation, misuse or abuse of public position, disclosure of certain information, doing business with one's agency, conflicting employment, lobbying restrictions, dual public employment, anti-nepotism, conflicts of interest, and financial disclosure. *See generally* Fla. Stat., Chapter 112.

40. The interests that the financial disclosures are intended to serve are stated by the Commission: "Financial disclosure is required of public officials and employees because it enables the public to evaluate potential conflicts of interest, deters corruption, and increases public confidence in government." *See* Florida Commission on Ethics, Financial Disclosure Information, www.ethics.state.fl.us/FinancialDisclosure/Index.aspx, last accessed February 12, 2024.

41. In 1976, the Florida Constitution was amended to require that all elected, state constitutional officers annually file a full and public disclosure of their financial interests, which is done through the state-adopted Form 6, requiring the disclosure of highly personal financial information. *See* Fla. Const. Art. II, § 8; Fla. Stat. § 112.3144; Exh. B.

42. The Form 6 requirement did not apply to elected municipal officials or candidates for municipal office prior to January 1, 2024.

**B. The Change from Form 1 to Form 6 for Elected Municipal Officials**

43. Instead, prior to January 1, 2024, elected municipal officials were required to make a more limited financial disclosure that nevertheless provides sufficient information to satisfy the interests of preventing conflicts of interest and public corruption and increasing public confidence in government. *See* Fla. Stat. § 112.3145. The elected municipal officials' financial disclosure was done through the state-adopted Form 1. Exh. A.

44. In the 2023 legislative session, the Florida Legislature duly enacted (and the Governor signed) SB 774, which was codified at Laws of Florida 2023-09, and which amended (in relevant part) Fla. Stat. § 112.3144, to change the financial disclosure requirements to require, as of January 1, 2024, that all elected municipal mayors and elected members of municipal governing boards (and candidates for such offices) file a Form 6 financial disclosure, rather than the previously required Form 1. *See* Fla. S.B. 774; Fla. Stat. §§ 99.061, 112.3144 (2023).

**C. Comparison of Form 6 to Form 1**

45. Form 6 is a highly intrusive and extreme level of required, public financial disclosure, mandating the disclosure of private financial information unrelated to any official duties and unnecessary to satisfy the interest of preventing conflicts of interest and public corruption or increasing public confidence in government. *See* Exh. B.

46. Specifically, Form 6 requires that the official disclose:

> (a) the official's exact net worth, to the penny, (b) the exact aggregate value of all household goods and personal effects, (c) the precise value of every other asset individually valued at over $1,000 (including a description of the asset), (d) the exact outstanding amount of all liabilities in excess of $1,000, including the name and address of the creditor, (e) every primary source of income that exceeded $1,000 during the year, including the name and address of the source of income and the precise amount of income, (f) every secondary source of income in excess of $1,000 from any business of which the official owns more than 5%, including the name of the business entity, the major sources of business income (namely, any that account for 10% or more of the business's revenue), and the address and principal business activity or source, and (g) any interest in certain specified types of businesses.

*See* Exh. B.

47. In contrast, Form 1 requires that the official disclose:

> (a) the name, address and principal business active for every primary sources of income in excess of $2,500 (but not the amount), (b) every secondary source of income in excess of $5,000 from any business of which the official owns more than 5%, including the name of the business entity, the major source of business income (any that account for 10% or more of the business's revenue), and the address and principal business activity or source, (c) a description of all real property (but not the value) of which the official had more than a 5% ownership interest, (d) a description (but not the value) of intangible property owned by the official and valued at more than $10,000, (e) the name and address of each creditor to whom the official owed more than $10,000 (but not the amount owed), and (f) any interest in certain specified types of businesses.

*See* Exh. A.

48. The information in Form 1 and Form 6 of each filer is made publicly available through the Commission's website.

## COUNT I

## COMPELLED, CONTENT-BASED SPEECH IN VIOLATION OF THE FIRST AMENDMENT OF THE U.S. CONSTITUTION, PURSUANT TO 42 U.S.C. § 1983

49. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 48, as if fully set forth herein.

50. The First Amendment to the United States Constitution, as applied to the States by the Fourteenth Amendment, prohibits the government, including Defendants, from abridging Plaintiffs' freedom of speech though government-compelled speech.

51. The First Amendment's speech rights include the right to speak freely, the right to refrain from speaking at all, and the right not to speak certain words or messages.

52. The statements required by Fla. Stat. § 112.3144, through Form 6, constitute non-commercial, compelled speech from Plaintiffs in violation of the First Amendment.

53. Specifically, Fla. Stat. § 112.3144 unconstitutionally compels Plaintiffs to make invasive, public disclosures about their personal finances through Form 6.

54. The required disclosures of Fla. Stat. § 112.3144, through Form 6, are content-based speech because they compel individuals to speak a particular message. Compelled speech is no less compelled and no less speech because it is required to be in writing.

55. For example, among many other things, on July 1, 2024, each Plaintiff will be forced to say the words: "My Net Worth as of December 31, 2023 was $_________." *See* Exh. B at 1.

56. Plaintiffs would not otherwise engage in such non-commercial, content-based speech (namely, publicly disclosing to the public their exact net worth, income, asset values and other personal financial information required in Form 6) but for the requirements of Fla. Stat. § 112.3144 and the threat of fines, penalties and other enforcement mechanisms set forth in Fla. Stat. § 112.317.

57. The compelled speech in Form 6, as required by Fla. Stat. § 112.3144, is readily reviewable (now and for many years to come) by the public on the Internet, and the information in each filed Form 6 is clearly and readily associated with the individual filer (i.e., via the name of each individual Plaintiff).

58. Because the compelled speech is effectuated through state statute, the constitutional deprivation at issue here is caused by official policy of the state and under color of state law.

59. Although Plaintiffs recognize the government's interest in preventing conflicts of interest, deterring corruption, and increasing public confidence in government, Fla. Stat. § 112.3144, as amended by SB 744, and the application of Form 6 to elected municipal officials are not narrowly tailored to achieve these interests.

60. Requiring Plaintiffs to make the additional, compelled speech required by Form 6 (as opposed to the statements previously required through Form 1) are not the least restrictive means to accomplish any compelling government purpose.

61. Accordingly, an actual controversy exists between Plaintiffs and Defendants, each of whom have adverse legal interests of sufficient immediacy to warrant the issuance of a declaratory judgment and injunctive relief.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor:

A. Declaring, pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 1983, and Rule 57, Fed. R. Civ P., that Fla. Stat. § 112.3144 (2023) compels Plaintiffs to engage in content-based, non-commercial speech in violation of the First Amendment of the United States Constitution and is, therefore, unconstitutional;

B. Enjoining, pursuant to 28 U.S.C. § 2202, Defendants from enforcing Fla. Stat. § 112.3144 (including the imposition of any fines, penalties or other enforcement) against Plaintiffs, arising from the failure of any Plaintiffs to file a Form 6 while subject to such requirements;

C. Awarding Plaintiffs their costs and expenses (including attorneys' fees) incurred in bringing in this action, pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, and other applicable law; and

D. Granting such other relief as this Court deems just and proper.

Dated this 26th day of September, 2024.

WEISS SEROTA HELFMAN
COLE + BIERMAN P.L.
200 East Broward Blvd., Ste. 1900
Fort Lauderdale, FL 33301
Telephone: (954) 763-4242
Facsimile: (954) 764-7770

By: */s/ Jamie A. Cole*
JAMIE A. COLE
Florida Bar No. 767573
jcole@wsh-law.com
msaraff@wsh-law.com
EDWARD G. GUEDES
Florida Bar No. 768103
eguedes@wsh-law.com
szavala@wsh-law.com
ANNE R. FLANIGAN
Florida Bar No. 113889
aflanigan@wsh-law.com
JEREMY S. ROSNER
Florida Bar No. 1018158
jrosner@wsh-law.com
kdoyle@wsh-law.com
*Counsel for Plaintiffs*