# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

PRESIDENT OF TOWN COUNCIL
ELIZABETH A. LOPER, elected official
of the Town of Briny Breezes, et al.,

    Plaintiffs,

v.   Case No.: 1:24-CV-20604

ASHLEY LUKIS, in her official capacity
As Chair of the Florida Commission
on Ethics, et al.

    Defendants.
_____/

## ANSWER TO THIRD AMENDED COMPLAINT[1]

Defendants, pursuant to Federal Rule of Civil Procedure 8(b), hereby answers the Second Amended Complaint [ECF No. 38] as follows:

### OVERVIEW

1.    Admitted that this is an action to challenge Senate Bill 774 (SB 774), passed during the 2023 legislative session and enacted as chapter 2023-49, Laws of Florida. Admitted that chapter 2023-49, Laws of Florida, speaks for itself.

---

[1] This answer is identical to Defendants' Answer to Second Amended Complaint [ECF No. 49]. While the Third Amended Complaint reflect the appointments of Laid A. Lile and Paul D. Bain as a members of the Florida Commission on Ethics and the expiration of the term of William P. Cervone as a Commission member, the answer to each allegation of the complaint remains the same.

2. Admitted that SB 774 requires that, beginning January 1, 2024, mayors and elected members of the governing bodies of municipalities comply with the financial disclosure requirements of article II, section 8 of the Florida Constitution.

3. Admitted that SB 774 requires that, beginning January 1, 2024, mayors and elected members of the governing bodies of municipalities comply with the financial disclosure requirements of article II, section 8 of the Florida Constitution.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Admitted as to the relief sought by Plaintiffs; denied that Plaintiffs are entitled to such relief.

## JURISDICTION AND VENUE

10. Admitted that based on the allegations of the Second Amended Complaint, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

11. Admitted; denied that Plaintiffs are entitled to the relief sought.

12. Admitted that venue is proper in this District.

## THE PARTIES

**A. Plaintiffs**

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted that, prior to the entry of the Court's preliminary injunction [ECF No. 40], each Plaintiff was required to file a Form 6.

17. The referenced statutory provisions speak for themselves.

18. Denied.

19. Without knowledge; therefore denied.

20. Without knowledge; therefore denied.

21. Denied.

B. **Defendants**[2]

22. Admitted.

23. Admitted.

24. Admitted with the proviso that Paul D. Bain has been appointed to replace William P. Cervone as a member of the Commission.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

---

[2] Defendants note that Laird A. Lile has been appointed to fill a vacancy on the Commission. The case caption will be amended accordingly.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted that section 112.3144(8), Florida Statutes, speaks for itself and sets forth the Commission's duties and responsibilities with respect to the list of persons required to file a Form 6 disclosure. Beyond these duties and responsibilities, the Commission encourages and provides guidance on compliance with the Form 6 filing requirements.

34. Admitted that the Commission, in its 2022 Annual Report and prior annual reports recommended that the Legislature enact laws that would require that mayors and elected members of the governing bodies of municipalities file Form 6 disclosures; denied that these recommendations led to the enactment of SB 774.

35. Admitted that the quoted language appears on page 23 of the 2022 Annual Report; denied as to the remainder.

36. The 2022 Annual Report speaks for itself; otherwise, denied.

37. Admitted.

38. Admitted that Plaintiffs bring this action against the state officers who enforce the Form 6 requirements against municipal elected officials; admitted that

4

Plaintiffs seek prospective equitable relief. denied that Plaintiffs are entitled to such relief. denied that SB 774 violates the First Amendment.

## BACKGROUND

### A. History of Ethical Standards in Florida

39. Admitted.

40. Admitted that the quoted language appears on the Commission's website at the cited link; denied that those are all of the interests that financial disclosures by public officials and employees.

41. Admitted that article II, section 8 of the Florida Constitution was added by amendment and speaks for itself.

42. Admitted.

### B. The Change from Form 1 to Form 6 for Elected Municipal Official

43. Admitted that, prior to January 1, 2024, municipal elected officials were required to file Form 1; otherwise, denied.

44. Admitted.

### C. Comparison of Form 6 to Form 1

45. Admitted that Form 6 speaks for itself; denied as to Plaintiffs' characterization of it.

46. Admitted that Form 6 speaks for itself.

47. Admitted that Form 1 speaks for itself.

48. Admitted.

# COUNT I

### COMPELLED, CONTENT-BASED SPEECH IN VIOLATION OF THE FIRST AMENDMENT OF THE U.S. CONSTITUTION, PURSUANT TO 42 U.S.C. § 1983

49. Defendant reallege and incorporate by reference their responses to paragraphs 1 through 48 above, as if fully set forth herein.

50. Denied as written.

51. Admitted.

52. Denied.

53. Denied.

54. Denied.

55. Admitted that the quoted language is included in Form 6.

56. Without knowledge; therefore denied.

57. Admitted that filed Form 6 disclosures are public records and available to the public on the Commission's website; denied that the disclosures constitute compelled speech.

58. Denied that the Form 6 disclosures constitute compelled speech; denied that the disclosures work a constitutional violation; admitted that the Form 6 disclosures are part of the law of Florida.

59. Without knowledge as to what interests Plaintiffs recognize; denied that § 112.3144 is subject to strict or exacting scrutiny review including a narrow tailoring requirement.

60. Denied that the Form 6 disclosure requirements constitute compelled speech; denied that § 112.3144 is subject to strict or exacting scrutiny review including a least restrictive means requirement.

61. Denied.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs the relief they seek and enter judgment in favor of Defendants,

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/ *William H. Stafford III*
William H. Stafford III (FBN 70394)
SPECIAL COUNSEL
William.Stafford@myfloridalegal.com
Sara E. Spears (FBN 1054270)
ASSISTANT ATTORNEY GENERAL
Office of the Attorney General
Complex Litigation - Bureau
PL-01 The Capitol
Tallahassee, FL 32399-1050
850-414-3300

*Counsel for Defendants*