UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PRESIDENT OF TOWN COUNCIL
ELIZABETH A. LOPER, elected official of the
Town of Briny Breezes, *et al.*,

    Plaintiffs,

vs.

ASHLEY LUKIS, in her official capacity as
Chair of the Florida Commission on Ethics, *et al.*,

    Defendants.

_____/

Case No. 1:24-cv-20604-MAD

**REPLY TO MOTION TO STRIKE OR DISREGARD NEW ARGUMENT MADE IN REPLY BRIEF OR, ALTERNATIVELY, FOR LEAVE TO FILE SUR-REPLY**

Plaintiffs, by and through their undersigned counsel, file this reply in support of their Motion to Strike or Disregard New Argument Made in Reply Brief or, Alternatively, for Leave to File Sur-Reply ("Motion to Strike") [ECF No. 71] as follows:

**OVERVIEW**

Local Rule 7.1(c) explicitly states that a reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition..." S.D. Fla. L.R. 7.1(c)(1). In their Response to the Motion to Strike, Defendants oddly interpret this rule to mean that "*only* new arguments may be made in a reply." They then urge the Court to deny the Motion to Strike because their factually unsupported, new argument—that the audience for Form 6's compelled speech is the Florida Commission on Ethics, rather than the general public (the "Audience Defense")—"complies with rule 7.1(c) precisely *because* it is a new argument." [ECF No. 73 at 1].

Defendants' position is based upon an incorrect and overly broad reading of the term "matter" in the Local Rule. Defendants would have the Court interpret the word "matter" to mean

1

the gravamen of the Complaint—the First Amendment violation—and then allow a defendant to raise for the first time in a reply memorandum any arguments that rebut the First Amendment claim (here, the new Audience Defense), even if that defense had not been mentioned in prior filings.  For example, if a defendant moved for summary judgment in a breach of contract case on the sole ground that the defendant had not violated any provision of the contract, and the plaintiff responded that the defendant had breached the contract by violating specific provisions in the contract, could the defendant then raise, for the first time in the reply, an argument that the parties never signed the contract or that there was a lack of consideration?  Such an interpretation would wholly deprive the plaintiff of the ability to respond fully, contrary to the purpose of the Local Rule (which is to conclude briefing on motions, without the need for multiple sur-replies).

## BACKGROUND

1.      Since the inception of this action and continuing through the current operative pleading (the Third Amended Complaint), Plaintiffs have consistently maintained that SB 774 constitutes compelled, content-based, non-commercial speech, requiring heightened constitutional scrutiny. [ECF Nos. 1, 9, 38, 54].

2.      At and before the hearing on Plaintiffs' Motion for Preliminary Injunction, Defendants posited that the First Amendment applies but that the heightened scrutiny should be "exacting scrutiny" rather than "strict scrutiny," arguing that "the Supreme Court has held that exacting scrutiny applies to disclosure requirements like the instant one." [ECF. No. 16 at 7].

3.      At the April 22, 2024, hearing on Plaintiffs' Motion for Preliminary Injunction, the Court orally indicated that it was inclined to find either exacting or strict scrutiny applied and that neither were satisfied because of a dearth of evidence in the legislative record (which finding was

ultimately incorporated in the Court's Order Granting Preliminary Injunction).  [ECF No. 56-19 at 89:6–91:21].

    4.    Since then, in every court filing, Defendants have asserted new arguments (all of which contradict the position and legal authorities previously advanced by Defendants to the Court) to try to avoid the Court's well-reasoned ruling:

    a.    In Defendants' Supplemental Preliminary Injunction Briefing, Defendants asserted, for the first time, that the lack of evidence in the legislative record can be excused based on common sense and history under the *Burson* exception (which applies only when the First Amendment right threatens to interfere with the act of voting itself, and thus does not apply here).  [ECF No. 34]

    b.    In Defendants' Motion for Summary Judgment (and Defendants' Response to Plaintiffs' Motion for Summary Judgment), Defendants argue, for the first time, that SB 774 should not subject to heightened First Amendment scrutiny because Plaintiffs are government employees under the *Garcetti* and *Pickering* doctrines (even though the Eleventh Circuit recently ruled that neither of these doctrines have been applied to elected officials and that the policy underlying the doctrines would be violated by such an application) and because the speech regulation at issue should be deemed commercial speech under *Zauderer* (even though the Form 6 disclosures do not propose any commercial transaction).[1] [ECF No. 61]

    c.    On November 8, 2024, in their Reply Memorandum, Defendants assert, for the first time, the new Audience Defense. [ECF No. 69]

    d.    Then, on November 19, 2024, in a Notice of Supplemental Authority, Defendants brought to the Court's attention a case raising the *Anderson-Burdick* standard that applies to cases that deal with election code provisions governing the voting process itself (*e.g.,* filing deadlines, ballot access, write-in voting), even though SB 774 does not deal with the mechanics of the electoral process but rather compels elected officials to say specific words. [ECF No. 72]

    5.    The new argument involved in the current Motion to Strike—the Audience Defense—was not raised in Defendants' Motion for Summary Judgment or in any prior filings by

---

[1] Plaintiffs do not object to the timing of Defendants' assertion of the *Garcetti, Pickering*, or *Zauderer* defenses in their motion for summary judgment or in response to Plaintiffs' motion for summary judgment, which is permissible (even though these arguments are incorrect and directly contrary to Defendants' previously representation to the Court that exacting scrutiny applies).

3

Defendants.  It also was not raised in any filings by Plaintiffs, including in their Response to Defendants' Motion for Summary Judgment.  [*See, e.g.*, ECF No. 68].

6.  In Defendants' Reply to their Motion for Summary Judgment, Defendants assert the Audience Defense for the first time, arguing that this is not a First Amendment case based on the "***additional factor***" that "SB 774 does not require elected officials and candidates for elected office to disseminate any message to the public." [ECF No. 69 at 3].  Under SB 774, Defendants continued, Plaintiffs simply have to make the requisite statutory disclosures to the Florida Ethics Commission who, in turn, "disseminates the message by making the required disclosures public." [*Id.* at 3–5].

7.  In the Motion to Strike, Plaintiffs contend that Defendants' newly raised Audience Defense should be stricken because it is a new argument raised in a reply brief.

8.  In response, Defendants admit that the Audience Defense is a "new argument," though they claim that this argument should not be stricken.  According to Defendants, they were simply refuting Plaintiffs' contention that "'[t]he gravamen of this case is free speech [controlled by the compelled speech cases of *Riley* and *NIFLA*], not the federal right to privacy, and therefore *Plante v. Gonzalez* is inapplicable' . . . by pointing out ***additional facts*** that distinguish these two cases as well as others that have been cited for the very same proposition and making the counter-argument that this this is not a First Amendment case . . . ." [ECF No. 73 at 1–2 (emphasis added) (first alteration in original) (quoting ECF No. 68 at 6)].  The portion of *Riley* to which they refer, however, was never mentioned by any of the parties, and the argument itself (and each of the additional cases cited by Defendants related to the argument) was certainly never raised.

## ARGUMENT

Local Rule 7.1(c) could not be clearer: a reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition…." S.D. Fla. L.R. 7.1(c)(1). The Audience Defense was never raised in any prior filings and was certainly not raised by Plaintiffs in their Response to Defendants' Motion for Summary Judgment. Indeed, Defendants admit that the Audience Defense is a new argument, raised by Defendants for the first time in their Reply Memorandum. [ECF No. 73 at 1]. Defendants' suggestion that new arguments are permitted in a reply brief is simply wrong. The term "matters" cannot merely refer to the gravamen of a lawsuit—it must apply to specific "matters" raised in a preceding filing. In the context of a defendant's motion for summary judgment, a defendant cannot simply assert brand new defenses in a reply memorandum. As noted above, that would permit new defenses (*e.g.*, failure to sign a contract or lack of consideration) in a reply brief to which a plaintiff would never have an opportunity to respond.

In addition, Defendants acknowledge that the new argument in their Reply to their Motion for Summary judgment is reliant on "additional facts" that were not raised in either the Parties' Joint Statement of Undisputed Facts or Defendants' Statement of Material Facts[2] in violation of Local Rule 56.1. [*See* ECF Nos. 56, 60, 62]. Local Rule 56.1(a)(1) prescribes that "[a] motion for summary judgment and the opposition to it shall each be accompanied by a separate and contemporaneously filed and served Statement of Material Facts" and that the "movant's Statement of Material Facts shall list the material facts that the movant contends are not genuinely disputed." S.D. Fla. L.R. 56.1. In seeking to covertly insert "additional facts" into their reply brief

---

[2] Defendants did not respond to Plaintiffs' Statement of Material Facts, thus admitting each fact therein. [*See* Dkt.]; S.D. Fla. L.R. 56.1.

that were not previously raised in their statement of material facts, Defendants have failed to heed the strict requirements of Local Rule 56.1 so that Plaintiffs can properly dispute these factual averments in their Response Statement of Material Facts.[3] These "additional facts," therefore, should not be considered at this stage. *See Rhiner v. Wexford Health Sources, Inc.*, 2019 WL 6498783, at *3–4 (S.D. Fla. July 1, 2019) (disregarding new evidence introduced for the first time in a reply to summary judgment that was not made part of the record prior to the filing of the reply through incorporating such evidence in a statement of material facts); *see also Brown v. Wal-Mart Stores E., LP*, 2017 WL 386647, at *1 n.1 (N.D. Ga. Jan. 27, 2017) ("Plaintiffs also make several factual assertions in the body of their response brief that are not included in Plaintiffs' Response to Defendant's Statement of Material Facts or in Plaintiffs' Statement of Additional Material Facts. The Court disregards these assertions because they do not comply with Local Rule 56.1.") (citations omitted).

---

[3] In their Reply to their Motion for Summary Judgment, Defendants state as fact that "the statute at issue requires that Plaintiffs make their financial disclosures to the Florida Commission on Ethics ("COE"), and not directly to the public" and that "[i]t is the Commission that is directed, in a separate statute, to publish the information on its website." [ECF No. 69 at 3]. In support, Defendants cite several sections of Florida Statutes that do not so provide. §§ 112.3144(1)(a), (d), 112.3146(1)(b), (2)(b), Fla. Stat. (2023). Actually, as pointed out in the Motion to Strike, under the current COE system, financial disclosure forms (Form 1 or Form 6) are completed and posted by the elected official directly onto the COE's website and the form itself (not just the information in the form), including the declaration by the official under penalty of perjury, is *automatically* available to everyone in the world through the internet. *See* Fla. Stat. § 112.31446; [ECF No. 56-27 at 26–27] ("Q. So when an elected official or any official fills out a Form 1 or a Form 6 in 2024, it will automatically be placed on your website, which is accessible through the internet, is that correct? A. Yes."); [ECF 56-2 at 3 (sample Form 6)]. In addition, the audience for the compelled financial disclosures is not the COE, which does not even look at the forms, but rather the public, which is supposed to be educated by the form so they can file complaints with the COE. [ECF 56-27 at 26 (COE does not look at Form 1s or Form 6s); ECF 56-27 at 29 (public can look at forms and file ethics complaint); ECF 56-9 (COE stating that purpose of filing disclosure forms is that "it enables the public to evaluate potential conflicts of interest . . .")].

Defendants suggest that their assertion of the new Audience Defense was merely a response to Plaintiffs' citation in their Response to *Riley vs. Nat'l Fed'n of the Blind of N. Carolina, Inc.*, 487 U.S. 781 (1988). While Defendants are correct that Plaintiffs did cite to *Riley* in their Response to the Motion for Summary Judgment, it was not to the portion of *Riley* upon which Defendants now rely for their Audience Defense. Plaintiffs relied upon *Riley* to support their position that compelled content-based speech is subject to heightened scrutiny. Later in the opinion, in connection with a discussion of the required narrow tailoring, the *Riley* Court did note that a less restrictive means of reducing donor misperception (the interest at stake there) would be having the State communicate the desired financial information itself to the public rather than requiring the charitable fundraisers to do so. *Id.* at 800. In contrast, here, there is no evidence in the legislative record that the legislature ever considered having elected municipal officials provide the financial information to a private portion of the COE website, not available to the public (or only available upon registration and request) and then having the COE communicate the information (or the forms themselves) to the public – further establishing that the Legislature failed to consider less restrictive alternatives. Thus, the citation to *Riley* did not have anything to do with the new Audience Defense.

Defendants' separate point that the Court should exercise its discretion in favor of considering this new argument because Plaintiffs can fully respond to this argument in a sur-reply overlooks the well-settled principle that arguments raised for the first time in a reply brief generally should not be considered. *See, e.g.*, *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived. BOA must not be allowed to embellish an argument in a reply brief when it failed to fully raise and address the issue in its initial brief. Such a practice unfairly impedes the Trustee's

response."); *Tafel v. Lion Antique Invs. & Consulting Servs.*, 459 F. App'x 847, 849 (11th Cir. 2012) ("We also hold that the district court did not abuse its discretion by failing to apply judicial estoppel. As Tafel highlights in his brief, Lion raised its judicial estoppel argument in its reply brief in support of its motion for summary judgment. The district court had no obligation to consider an argument raised for the first time in the reply brief. Therefore, it did not abuse its discretion by failing to address this argument.") (citation omitted).

As a practical matter, refusing to allow a newly raised argument in a reply brief avoids "scenario[s] in which endless sur-reply briefs are filed, the Court is forced to perform a litigant's research for it on a key legal issue because that party has not had an opportunity to be heard, [and] a movant is incentivized to save his best arguments for his reply brief so as to secure a tactical advantage based on the nonmovant's lack of opportunity to rebut them." *Hardy v. Jim Walter Homes, Inc.*, 2008 WL 906455, at *8 (S.D. Ala. Apr. 1, 2008). Accordingly, Defendants' newly raised Audience Defense should be either stricken or disregarded by the Court in ruling on the Motion for Summary Judgment.

WHEREFORE, for the reasons stated above and in Plaintiffs' Motion to Strike, Plaintiffs respectfully request that the Court strike or disregard the new argument in Defendants' "Reply In Support of Defendants' Motion for Summary Judgment" or, alternatively, grant them leave to file a Sur-Reply responding to the new argument in the Reply, and for such further and other relief as the Court deem just and proper.

WEISS SEROTA HELFMAN
COLE + BIERMAN P.L.
200 East Broward Blvd., Ste. 1900
Fort Lauderdale, FL 33301
Telephone: (954) 763-4242
Facsimile: (954) 764-7770

By: */s/ Jamie A. Cole*
JAMIE A. COLE
Florida Bar No. 767573
jcole@wsh-law.com
msaraff@wsh-law.com
EDWARD G. GUEDES
Florida Bar No. 768103
eguedes@wsh-law.com
szavala@wsh-law.com
ANNE R. FLANIGAN
Florida Bar No. 113889
aflanigan@wsh-law.com
JEREMY S. ROSNER
Florida Bar No. 1018158
jrosner@wsh-law.com
kdoyle@wsh-law.com

*Counsel for Plaintiffs*